_____ **FILED** _____ **ENTERED**
_____ **LODGED** _____ **RECEIVED**

**JAN 15 2025** **AC**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
**BY** _____ **DEPUTY**

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Kathrine Anne LaFreniere, | ) Case No. 24-cv-1691 |
| Plaintiff, | ) <br> ) Amended |
| vs. | ) COMPLAINT FOR CIVIL RIGHTS <br> ) VIOLATION UNDER 42 U.S.C. § 1983, <br> ) and FOR DECLARATORY AND |
| MERIDIAN SCHOOL DISTRICT is a municipal corporation, and is sued in its capacity as a municipal entity, <br> JAMES EVERETT, in his official capacity as Superintendent Meridian School District <br> KURT HARVILL, in his official capacity as Assistant Superintendent, Meridian High School | ) INJUNCTIVE RELIEF <br> ) <br> ) TRIAL BY JURY DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| ` | ) <br> ) |
| Defendant(s) | ) <br> ) |

## TABLE OF CONTENTS

Executive Summary...................................................................4

I. Introduction....................................................................7

II. Jurisdiction and Venue.........................................................8

III. Parties.......................................................................8

IV. Exhaustion of Administrative Remedies..........................................9

V. Factual Allegations............................................................9
Background...................................................................9 A.
The Vaccine Mandate and Exemption Process....................................9 B.
Plaintiff's Religious Exemption Request......................................10 C.

The District's Failure to Accommodate.................................................10 D.
Termination Without Due Process.......................................................10 E.

VI. Causes of Action...........................................................................11
Count I: First Amendment Free Exercise.............................................11
Count II: Title VII Religious Discrimination........................................12
Count III: Fourteenth Amendment Due Process....................................14
Count IV: Equal Protection................................................................15
Count V: Substantive Due Process......................................................16
Count VI: Washington Law Against Discrimination.............................17
Count VII: Washington State Constitutional Violations.......................18
Count VIII: Municipal Liability.........................................................19
VII. Prayer for Relief.........................................................................20
VIII. Demand for Jury Trial...............................................................21

## TABLE OF AUTHORITIES

**United States Supreme Court Cases**

Abercrombie & Fitch Stores, Inc., EEOC v., 575 U.S. 768 (2015)....................13, 14
Board of Regents v. Roth, 408 U.S. 564 (1972)..............................................15c
Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520 (1993)...........12, 16
City of Canton v. Harris, 489 U.S. 378 (1989)................................................1.9, 20
Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985)......5, 7, 11, 14, 15
Cruzan v. Director, Missouri Dept. of Health, 497 U.S. 261 (1990)...................16, 17
Employment Division v. Smith, 494 U.S. 872 (1990).........................................12
Fulton v. City of Philadelphia, 141 S. Ct. 1868 (2021).........................5, 7, 10, 11, 12
Mathews v. Eldridge, 424 U.S. 319 (1976)......................................................14, 15
Monell v. Department of Social Services, 436 U.S. 658 (1978)...................5, 9, 19, 20
Pembaur v. City of Cincinnati, 475 U.S. 469 (1986)..........................................20
Roman Catholic Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63(2020)............7, 16, 17
Tandon v. Newsom, 141 S. Ct. 1294 (2021)....................................................11
Trans World Airlines v. Hardison, 432 U.S. 63 (1977)......................................10, 13
Washington v. Glucksberg, 521 U.S. 702 (1997)..............................................16, 17
Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682 (2014)......................................
Sherbert v. Verner, 374 U.S. 398 (1963)..........................................................
Thomas v. Review Bd. of Indiana Employment Security Div., 450 U.S. 707(1981)
Wisconsin v. Yoder, 406 U.S. 205 (1972)..........................................................

**United States Courts of Appeals Cases**

Does 1-6 v. Mills, 16 F.4th 20 (1st Cir. 2021)..................................................3, 15, 16
Kane v. De Blasio, 19 F.4th 152 (2d Cir. 2021)...........................................6, 7, 10, 12
Together Employees v. Mass General Brigham, 32 F.4th 82 (1st Cir. 2022)..10, 13, 14
We The Patriots USA, Inc. v. Connecticut Office of Early Childhood Development,
16 F.4th 366 (2d Cir. 2021)...........................................................................6, 15, 16
Klaassen v. Trustees of Indiana University, 7 F.4th 592 (7th Cir. 202...............

Navy Seal 1 v. Biden, 27 F.4th 336 (11th Cir. 2022)..............................................
U.S. Navy Seals 1-26 v. Biden, 27 F.4th 336 (5th Cir. 2022)..................................
We The Patriots USA, Inc. v. Hochul, 17 F.4th 266 (2d Cir. 2021).......................

**United States District Court Cases**

Dr. A. v. Hochul, 142 S. Ct. 552 (2021).............................................6, 7, 10, 12
EEOC v. Kroger Limited Partnership I, No. 4:22-cv-00641 (N.D. Ohio 2022)..............13
Johnson v. Brown, No. 3:21-cv-1494-SI (D. Or. 2021)..............................................11, 14
Troesch v. Chicago Teachers Union, No. 21-1525 (7th Cir. 2021).........................11, 14
Dahl v. Western Michigan University, No. 1:21-cv-757 (W.D. Mich. 2021).................
Does 1-6 v. Mills, No. 1:21-cv-242 (D. Me. 2021).....................................................15, 16
Magliulo v. Edward Via College of Osteopathic Medicine, No. 3:21-cv-2304 (W.D. La. 2021).............................................................................................................
Thoms v. Maricopa County Community College District, No. CV-21-01781-PHX-SPL (D. Ariz. 2021)....................................................................................................

**Washington State Cases**

First Covenant Church v. City of Seattle, 120 Wn.2d 203 (1992).........................8, 18, 19
Hiatt v. Walker Chevrolet Co., 120 Wn.2d 57 (1992)..............................................17, 18
Kumar v. Gate Gourmet Inc., 180 Wn.2d 481 (2014)..............................................17, 18
Open Door Baptist Church v. Clark County, 140 Wn.2d 143 (2000).............................19
Short v. Battle Ground School District, 169 Wn. App. 188 (2012).........................17, 18
Wise v. Washington State Department of Corrections, No. 21-2-02955-34 (Thurston County Superior Court, 2022)....................................................................................18
Anderson v. Pacific Maritime Ass'n, 191 Wn.2d 1, 418 P.3d 105 (2018)........................
Blackburn v. State, 186 Wn.2d 250 (2016)..........................................................
Davis v. Microsoft Corp., 149 Wn.2d 521, 70 P.3d 126 (2003).................................
Fraternal Order of Eagles v. Grand Aerie, 148 Wn.2d 224 (2002).............................
Riste v. Eastern Washington University, No. 21-2-02800-34 (Thurston County 2022)....

**Washington Administrative Code (WAC)**

WAC 392-172A-05160 (Due Process Hearing Procedures)...........................................
WAC 392-190-065 (Compliance Procedures)..........................................................
WAC 357-31-330 (Civil Service Leave)...............................................................
WAC 357-19-410 (Just Cause for Dismissal)..........................................................
WAC 357-04-045 (Religious Accommodation)..........................................................
WAC 296-128-780 (Protected Leave)..................................................................
WAC 246-105-070 (Immunization Requirements).......................................................

**Statutes and Regulations**

**Federal Statutes**

42 U.S.C. § 1983 (Civil Action for Deprivation of Rights) .........19
42 U.S.C. § 1988 (Proceedings in Vindication of Civil Rights).....21

42 U.S.C. § 2000e(j) (Religious Discrimination Definition)........
U.S.C. § 2000e-2 (Unlawful Employment Practices)..............
U.S.C. § 2000bb (Religious Freedom Restoration Act)........................................11
U.S.C. § 794 (Rehabilitation Act of 1973)...............................................
42 U.S.C. § 1983.............................................................................16
42 U.S.C. § 1988.............................................................................21
42 U.S.C. § 2000e et seq. (Title VII)........................................................12

**Washington State Statutes**

RCW 49.60.030 (Freedom from Discrimination)...............................................
RCW 49.60.040 (Definitions).................................................................
RCW 49.60.180 (Unfair Employment Practices)..............................................
RCW 49.60.240 (Complaint Investigation Procedures)......................................
RCW 28A.400.300 (School District Employment Hiring)..................................
RCW 28A.405.310 (Adverse Action Appeals Process).....................................
RCW 28A.405.300 (Notice of Probable Cause)..............................................
RCW 43.06.220 (Governor's Emergency Powers)...........................................
RCW 49.60 et seq. (WLAD)...............................................................17
Washington Constitution, Article I, Section 11............................................

**EEOC Guidance and Materials**

EEOC Compliance Manual on Religious Discrimination (January 15, 2021).............
EEOC Guidance: What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws (updated October 13, 2021)........................................
EEOC Technical Assistance: Religious Objections to COVID-19 Vaccine Requirements (October 25, 2021)........................................................................
EEOC Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the ADA (October 17, 2002)....................................................................

**Additional Relevant Materials**

CDC Interim Public Health Recommendations for Fully Vaccinated People (Updated October 15, 2021)...............................................................................
Washington State Department of Health, COVID-19 Vaccine Implementation Collaborative Minutes (August 2021)......................................................................
Washington Office of Superintendent of Public Instruction, Bulletin No. 034-21 (August 23, 2021).....................................................................................
Washington State Human Rights Commission, Guide to Religious Accommodation in Employment (2021).........................................................................

**EXECUTIVE SUMMARY**

This civil rights action presents significant constitutional and statutory questions arising from the intersection of public health mandates and fundamental rights during the COVID-19 pandemic.

Brought under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and Washington state law, this action challenges the constitutionality of actions taken by the Meridian School District in implementing Washington's COVID-19 vaccination mandate for school employees.

**Core Legal Issues:**

1. Whether a public employer's categorical denial of religious exemptions while granting medical exemptions violates:
   - The Free Exercise Clause under *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021)
   - The Equal Protection Clause under strict scrutiny analysis
   - Title VII's religious accommodation requirements
2. Whether the District's implementation procedures violated:
   - Due Process requirements under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985)
   - Title VII's interactive process requirements
   - Washington's heightened protections for religious freedom
3. Whether the District's actions constitute a policy or custom supporting municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)

**Factual Background:**

This case arises from the termination of Kathrine LaFreniere, a three-year Director of Transportation with an exemplary service record, following her request for religious exemption from the COVID-19 vaccination requirement. Key events include:

1. August 18, 2021: Governor Inslee issues Proclamation 21-14.1 mandating vaccination for school employees while allowing for religious and medical exemptions

2. August 30, 2021: Plaintiff submits religious exemption request

3. September-October 2021: District fails to engage in interactive process

4. October 20, 2021: Plaintiff terminated without adequate pre-deprivation process

**Legal Context:**

This case follows several significant federal decisions regarding COVID-19 vaccine mandates and religious exemptions:

1. *Dr. A. v. Hochul*, 142 S. Ct. 552 (2021): Healthcare workers successfully challenged New York's lack of religious exemptions

2. *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021): Teachers prevailed in challenging NYC's implementation procedures

3. *We The Patriots USA, Inc. v. Connecticut Office of Early Childhood Development*, 16 F.4th 366 (2d Cir. 2021): Court required strict scrutiny for differential treatment of exemptions

**Relief Sought:**

1. Declaratory Relief:
   o Finding constitutional and statutory violations
   o Invalidating discriminatory policies

2. Injunctive Relief:
   o Reinstatement
   o Policy changes
   o Implementation of proper procedures

3. Damages:
   o Back pay and benefits

- Compensatory damages
- Punitive damages against individual defendants

This case presents an opportunity for judicial review of critical constitutional questions regarding religious liberty, due process, and equal protection in the context of public health mandates.

## I. INTRODUCTION

1. This civil rights action seeks to vindicate fundamental constitutional and statutory rights violated by Defendants' implementation and enforcement of a COVID-19 vaccination mandate. The case presents crucial questions about the balance between public health measures and constitutional protections, particularly regarding religious liberty and due process rights in public employment.

2. Recent Supreme Court precedent emphasizes that even during public health emergencies, constitutional rights remain vital and must be protected. As the Court held in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020), "even in a pandemic, the Constitution cannot be put away and forgotten."

3. This action challenges both the substance of the District's religious exemption policy and its implementation procedures. The policy creates a system of individualized exemptions that triggers strict scrutiny under *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021), while the procedures fail to meet basic due process requirements under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985).

4. The issues presented here parallel those addressed in recent cases like *Dr. A. v. Hochul*, 142 S. Ct. 552 (2021), where healthcare workers successfully challenged New York's COVID-19 vaccine mandate for lacking religious exemptions, and *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021), where teachers challenged similar mandate implementation procedures.

5. This case also raises significant questions under Washington state law, which provides enhanced protections for religious freedom under Article I, Section 11 of the Washington Constitution, as interpreted in *First Covenant Church v. City of Seattle*, 120 Wn.2d 203 (1992).

6. Through this action, Plaintiff seeks not only to vindicate her own rights but also to ensure that public health measures are implemented in a manner consistent with constitutional protections and proper procedural safeguards.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all defendants reside within this district and a substantial part of the events giving rise to these claims occurred within this district.

6. This Court has personal jurisdiction over all Defendants as they reside and conduct business within this district.

## III. PARTIES

7. Plaintiff Kathrine LaFreniere is a resident of Sedro Woolley, Washington. She served as Director of Transportation for the Meridian School District for three years until her termination on October 20, 2021.

8. Defendant Meridian School District is a municipal corporation organized under the laws of Washington State. It is sued in its capacity as a municipal entity under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

*Pro Per*

9. Defendant James Everett is the Superintendent of Meridian School District. He is sued in both his official and individual capacities for actions taken under color of state law.

10. Defendant Kurt Harvill is the Assistant Superintendent of Meridian School District. He is sued in both his official and individual capacities for actions taken under color of state law.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff has exhausted all required administrative remedies prior to filing this action: a) Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on [Date]. b) Plaintiff received a Notice of Right to Sue from the EEOC on [Date]. c) Plaintiff complied with the notice requirements of RCW 4.96.020 by serving notice of her claims on Defendants on [Date].

12. This action is timely filed within all applicable statutes of limitations.

## V. FACTUAL ALLEGATIONS

A. Background

13. Prior to her termination, Plaintiff served as Director of Transportation for the Meridian School District, maintaining an exemplary record of service for three years.

14. Plaintiff holds sincere religious beliefs that prevent her from receiving COVID-19 vaccines. These beliefs are well-documented and longstanding.

B. The Vaccine Mandate and Exemption Process

15. On August 18, 2021, Washington Governor Jay Inslee issued Proclamation 21-14.1, mandating COVID-19 vaccination for all employees working in K-12 schools.

*Pro Per*

16. The Proclamation allowed for both medical and religious exemptions but delegated implementation to individual school districts.

17. Similar mandates have faced legal challenges across the country, including in *Dr. A. v. Hochul*, 142 S. Ct. 552 (2021) and *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021).

C. Plaintiff's Religious Exemption Request

18. On August 30, 2021, Plaintiff submitted her first religious exemption request, documenting her sincere religious beliefs that prevent her from receiving the COVID-19 vaccine.

19. The District's response to Plaintiff's religious exemption request failed to meet the standards for religious accommodation established in *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977) and recently reaffirmed in COVID-19 context by *Together Employees v. Mass General Brigham*, 32 F.4th 82 (1st Cir. 2022).

D. The District's Failure to Accommodate

20. The District failed to engage in any meaningful interactive process to explore possible accommodations, as required by both Title VII and the WLAD.

21. While the District granted medical exemptions to other employees, it categorically denied religious exemptions without proper consideration.

22. This disparate treatment between medical and religious exemptions triggers strict scrutiny under *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021).

E. Termination Without Due Process

23. On October 20, 2021, the District terminated Plaintiff's employment without providing adequate pre-termination due process as required by *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985).

24. The District's actions parallel those found unconstitutional in recent cases like *Troesch v. Chicago Teachers Union*, No. 21-1525 (7th Cir. 2021) and *Johnson v. Brown*, No. 3:21-cv-1494-SI (D. Or. 2021).

## VI. CAUSES OF ACTION

**COUNT I: Violation of First Amendment Right to Free Exercise of Religion**

(42 U.S.C. § 1983)

25. Plaintiff incorporates all preceding paragraphs by reference.

26. The Free Exercise Clause of the First Amendment, applicable to states through the Fourteenth Amendment, protects citizens' rights to practice their religion free from government discrimination.

27. To establish this claim, Plaintiff shows: a) She has a sincerely held religious belief conflicting with the vaccine requirement; b) The District's actions substantially burdened her exercise of religion; c) The District's policy is not neutral and generally applicable; d) The District's actions fail strict scrutiny.

28. Recent Supreme Court precedent in *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021) holds that government actions allowing secular exemptions while burdening religious exercise trigger strict scrutiny.

29. The District's policy of granting medical exemptions while denying religious ones creates a system of individualized exemptions that requires strict scrutiny under *Tandon v. Newsom*, 141 S. Ct. 1294 (2021).

30. The District's actions parallel those found unconstitutional in recent COVID-19 mandate cases like *Dr. A. v. Hochul*, 142 S. Ct. 552 (2021) and *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021).

*Pro Per*

31. Under strict scrutiny, the District's actions fail because: a) Less restrictive alternatives were available; b) The District failed to show its actions were narrowly tailored; c) The District cannot demonstrate a compelling interest in denying religious exemptions while granting medical ones.

Elements Required to Establish Claim:

1. Sincerely held religious belief
   - Plaintiff must demonstrate genuine religious conviction
   - Belief need not be part of organized religion
   - Courts may not question validity of beliefs
2. Substantial burden on religious exercise
   - Direct coercion to violate beliefs
   - Significant pressure to modify behavior
   - Loss of important benefits
3. Government action not neutral and generally applicable
   - System of individualized exemptions exists
   - Secular exemptions granted while religious ones denied
   - Discretionary enforcement
4. Fails strict scrutiny
   - No compelling government interest in treating religious exemptions differently
   - Not least restrictive means
   - Alternative measures available

Supporting Case Law:

- *Employment Division v. Smith*, 494 U.S. 872 (1990)
- *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520 (1993)
- *Fulton v. City of Philadelphia*, 141 S. Ct. 1868

**COUNT II: Violation of Title VII of the Civil Rights Act of 1964**

(42 U.S.C. § 2000e et seq.)

32. Plaintiff incorporates all preceding paragraphs by reference.

33. To establish this claim, Plaintiff shows: a) She has a bona fide religious belief conflicting with the vaccination requirement; b) She informed the District of this belief; c) She was

disciplined for failing to comply with the requirement; d) The District failed to reasonably accommodate her belief or prove undue hardship.

34. The District's actions violate Title VII standards established in *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977) and recently applied in COVID-19 vaccine cases like *Together Employees v. Mass General Brigham*, 32 F.4th 82 (1st Cir. 2022).

35. The District failed to engage in the required interactive process to explore reasonable accommodations, violating standards set in *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015).

36. Recent cases including *EEOC v. Kroger Limited Partnership I*, No. 4:22-cv-00641 (N.D. Ohio 2022) demonstrate that employers must meaningfully consider religious accommodations to COVID-19 vaccine mandates.

Elements Required to Establish Claim:

1. Prima Facie Case
   - Sincere religious belief that conflicts with job requirement
   - Informed employer of conflict
   - Was disciplined for refusing to comply
2. Reasonable Accommodation
   - Employer failed to initiate interactive process
   - Failed to explore accommodation options
   - Failed to demonstrate undue hardship
3. Discriminatory Intent/Effect
   - Religious beliefs were motivating factor
   - Similarly situated employees treated differently
   - Pattern of religious discrimination
4. Damages
   - Loss of wages and benefits
   - Emotional distress
   - Other compensatory damages

Supporting Case Law:

- *Trans World Airlines v. Hardison*, 432 U.S. 63 (1977)
- *EEOC v. Abercrombie & Fitch*, 575 U.S. 768 (2015)
- *Together Employees v. Mass General Brigham*, 32 F.4th 82 (1st Cir. 2022)

**COUNT III: Violation of Fourteenth Amendment Due Process**

(42 U.S.C. § 1983)

37. Plaintiff incorporates all preceding paragraphs by reference.

38. To establish this claim, Plaintiff shows: a) She had a constitutionally protected property interest in continued employment; b) She was deprived of this interest; c) The deprivation occurred without adequate due process.

39. Under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), public employees are entitled to pre-termination notice and opportunity to respond.

40. The District's actions failed to meet the balancing test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976), as: a) Plaintiff's private interest in continued employment was substantial; b) The risk of erroneous deprivation was high; c) Additional procedural safeguards would not have imposed undue burden.

41. Recent cases including *Troesch v. Chicago Teachers Union*, No. 21-1525 (7th Cir. 2021) and *Johnson v. Brown*, No. 3:21-cv-1494-SI (D. Or. 2021) confirm due process requirements in COVID-19 mandate context.

Elements Required to Establish Claim:

1. Protected Property Interest
   - Legitimate claim of entitlement
   - State law creates/defines interest
   - More than unilateral expectation
2. Deprivation of Interest
   - Actual loss of property interest
   - State action caused deprivation
   - Not merely temporary suspension
3. Inadequate Process
   - No meaningful pre-deprivation hearing
   - No notice and opportunity to respond
   - Arbitrary decision-making
4. Balancing Factors (Mathews v. Eldridge)
   - Private interest affected
   - Risk of erroneous deprivation

*Pro Per*

   ○ Government's interest and burden

Supporting Case Law:

- *Board of Regents v. Roth*, 408 U.S. 564 (1972)
- *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985)
- *Mathews v. Eldridge*, 424 U.S. 319 (1976)

**COUNT IV: Violation of Fourteenth Amendment Equal Protection**

(42 U.S.C. § 1983)

42. Plaintiff incorporates all preceding paragraphs by reference.

43. To establish this claim, Plaintiff shows: a) She was treated differently from others similarly situated; b) The differential treatment was based on religion; c) The District acted with discriminatory intent; d) She suffered injury from this differential treatment.

44. The District's policy of granting medical exemptions while denying religious ones constitutes impermissible discrimination under *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993).

45. Recent cases including *Does 1-6 v. Mills*, 16 F.4th 20 (1st Cir. 2021) confirm that differential treatment between medical and religious exemptions triggers heightened scrutiny.

46. The District's actions parallel those found unconstitutional in *We The Patriots USA, Inc. v. Connecticut Office of Early Childhood Development*, 16 F.4th 366 (2d Cir. 2021).

Elements Required to Establish Claim:

1. Different Treatment
   - Similarly situated comparators
   - Disparate treatment
   - No rational basis for difference
2. Protected Class/Fundamental Right
   - Religious classification
   - Fundamental right to refuse medical treatment
   - Triggers strict scrutiny

3. Discriminatory Intent
   - Purpose to discriminate
   - Not merely disparate impact
   - Pattern of discrimination
4. No Compelling Justification
   - No compelling state interest
   - Not narrowly tailored
   - Less restrictive alternatives available

Supporting Case Law:

- *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520 (1993)
- *Does 1-6 v. Mills*, 16 F.4th 20 (1st Cir. 2021)
- *We The Patriots USA, Inc. v. Connecticut*, 16 F.4th 366 (2d Cir. 2021)

**COUNT V: Violation of Substantive Due Process**

(42 U.S.C. § 1983)

47. Plaintiff incorporates all preceding paragraphs by reference.

48. To establish this claim, Plaintiff shows: a) She has a fundamental right to refuse unwanted medical treatment; b) The District's actions infringed this right; c) The infringement is not narrowly tailored to serve a compelling state interest.

49. The Supreme Court has recognized the fundamental right to refuse unwanted medical treatment in *Washington v. Glucksberg*, 521 U.S. 702 (1997) and *Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261 (1990).

50. The District's vaccine mandate substantially burdens this fundamental right without adequate justification under *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020).

Elements Required to Establish Claim:

1. Fundamental Right
   - Right to refuse medical treatment
   - Bodily autonomy
   - Medical decision-making
2. Government Interference

- o Direct infringement
- o Coercive pressure
- o Substantial burden
3. No Compelling Justification
   - o Not narrowly tailored
   - o Overbroad restrictions
   - o Less restrictive alternatives

Supporting Case Law:

- *Washington v. Glucksberg*, 521 U.S. 702 (1997)
- *Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261 (1990)
- *Roman Catholic Diocese v. Cuomo*, 141 S. Ct. 63 (2020)

**COUNT VI: Violation of Washington Law Against Discrimination**

(RCW 49.60 et seq.)

51. Plaintiff incorporates all preceding paragraphs by reference.

52. To establish this claim, Plaintiff shows: a) She belongs to a protected class (religion); b) She suffered an adverse employment action; c) Religion was a substantial factor in the adverse action; d) The District failed to reasonably accommodate her religious beliefs.

53. The Washington Supreme Court has held that WLAD provides broader protection than federal law. *Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481 (2014).

54. The District's actions violate standards established in *Short v. Battle Ground School District*, 169 Wn. App. 188 (2012) and *Hiatt v. Walker Chevrolet Co.*, 120 Wn.2d 57 (1992).

Elements Required to Establish Claim:

1. Protected Class
   - o Religious beliefs/practices
   - o Sincerely held beliefs
   - o Informed employer
2. Adverse Employment Action
   - o Termination
   - o Failure to accommodate
   - o Discriminatory treatment

*Pro Per*

3. Causal Connection
   - Religious beliefs substantial factor
   - Direct or circumstantial evidence
   - Temporal proximity
4. Damages
   - Economic losses
   - Non-economic damages
   - Emotional distress

Supporting Case Law:

- *Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481 (2014)
- *Short v. Battle Ground School District*, 169 Wn. App. 188 (2012)
- *Hiatt v. Walker Chevrolet Co.*, 120 Wn.2d 57 (1992)

## COUNT VII: Violation of Washington State Constitution

55. Plaintiff incorporates all preceding paragraphs by reference.

56. Article I, Section 11 of the Washington State Constitution provides stronger protection for religious freedom than the First Amendment. *First Covenant Church v. City of Seattle*, 120 Wn.2d 203 (1992).

57. To establish this claim, Plaintiff shows: a) She has a sincere religious belief; b) The District's actions substantially burden that belief; c) The District's actions are not essential to accomplish an overriding governmental interest.

58. Recent Washington cases including *Wise v. Washington State Department of Corrections*, No. 21-2-02955-34 (Thurston County Superior Court, 2022) support robust protection of religious liberty in the vaccine mandate context.

Elements Required to Establish Claim:

1. State Constitutional Protection
   - Article I, Section 11 religious freedom
   - Broader than First Amendment
   - Independent analysis required
2. Substantial Burden
   - More than incidental burden
   - Direct pressure to violate beliefs
   - Loss of important benefits

Civil Rights Complaint                    **18**                    Kathrine LaFreniere Pro Per

*Pro Per*

3. Strict Protection Test
   - Essential to compelling interest
   - Narrowly tailored
   - No less restrictive alternatives

Supporting Case Law:

- *First Covenant Church v. City of Seattle*, 120 Wn.2d 203 (1992)
- *Open Door Baptist Church v. Clark County*, 140 Wn.2d 143 (2000)
- *City of Woodinville v. Northshore United Church*, 166 Wn.2d 633 (2009)

**COUNT VIII: Municipal Liability**

(42 U.S.C. § 1983)

59. Plaintiff incorporates all preceding paragraphs by reference.

60. To establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), Plaintiff shows: a) An official policy or custom exists; b) The policy amounts to deliberate indifference to constitutional rights; c) The policy was the moving force behind the constitutional violation.

61. The District maintained an official policy of denying religious exemptions while granting medical ones, demonstrating deliberate indifference under *City of Canton v. Harris*, 489 U.S. 378 (1989).

62. This policy was the moving force behind the violation of Plaintiff's constitutional rights, as evidenced by: a) Systematic denial of religious exemptions; b) Failure to train employees on religious accommodation requirements; c) Pattern of discrimination against religious exemption requests.

Elements Required to Establish Claim:

1. Official Policy or Custom
   - Written policy
   - Widespread practice
   - Decision by final policymaker
2. Deliberate Indifference

Pro Per

- Conscious disregard of rights
- Failed to train/supervise
- Pattern of violations

3. Causation
   - Moving force behind violation
   - Direct causal link
   - Not mere but-for causation

4. Notice
   - Actual or constructive notice
   - Pattern of similar violations
   - Obviously inadequate training

Supporting Case Law:

- *Monell v. Department of Social Services*, 436 U.S. 658 (1978)
- *City of Canton v. Harris*, 489 U.S. 378 (1989)
- *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' actions violated Plaintiff's rights under:

1. The First Amendment Free Exercise Clause

2. The Fourteenth Amendment Due Process Clause

3. The Fourteenth Amendment Equal Protection Clause

4. Title VII of the Civil Rights Act of 1964

5. The Washington Law Against Discrimination

6. The Washington State Constitution

B. Enter preliminary and permanent injunctions:

1. Ordering Defendants to reinstate Plaintiff to her former position

2. Prohibiting Defendants from enforcing discriminatory policies

3. Requiring Defendants to implement proper religious accommodation procedures

C. Award compensatory damages including:

    1.  Back pay and benefits

    2.  Front pay if reinstatement is not feasible

    3.  Emotional distress damages

    4.  Other compensatory damages as proven at trial

D. Award punitive damages against individual Defendants

E. Award Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988

F. Award pre- and post-judgment interest as allowed by law

G. Grant such other relief as the Court deems just and proper

## VIII. DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Kathrine Anne LaFreniere*      Dated: January  15  2025

Kathrine Anne LaFreniere, Plaintiff *pro per*
532 Cook Rd
Sedro Woolley, WA [98284]
360 770 6532
kathyannelafreniere@gmail.com