HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHRINE ANNE LAFRENIERE,<br><br>Plaintiff,<br><br>v.<br><br>MERIDIAN SCHOOL DISTRICT, a municipal corporation, in its capacity as a municipal entity; JAMES EVERETT, in his official capacity as Superintendent, Meridian School District; and KURT HARVILL, in his official capacity as Assistant Superintendent, Meridian High School,<br><br>Defendants. | CASE NO. 2:24-cv-1691-RAJ<br><br>ORDER |

## I.   INTRODUCTION

THIS MATTER comes before the Court on the following motions filed by Plaintiff Katherine LaFreniere, proceeding *pro se*:

(1) Notice of Default and Motion for Removal of Counsel for Failure to Produce Full Credentials of Authority, Dkt. # 43;

ORDER - 1

|     |     |                                                                                       |
| --- | --- | ------------------------------------------------------------------------------------- |
|     | (2) | Motion for Order Referring Case to Mediation Pursuant to LCR 39.1, Dkt. # 44;         |
|     | (3) | Notice of Default on Demand for Production of Authority and Credentials and Motion for Removal of Counsel, Striking of all Unauthorized Filings, and Sanctions for Failure to Produce 13 Credentials of Authority, Dkt. # 51; |
|     | (4) | Motion for Ruling on Pending Demands for Production of Credentials of Authority, Dkt. # 52; and |
|     | (5) | Motion for Order Referring Case to Mediation Pursuant to LCR 39.1, Dkt. # 53.         |

The Court has reviewed the motions, the submissions in support of and in opposition to the motions, and the balance of the record. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for removal of counsel filed at Dkt. # 43, **GRANTS** Plaintiff's motion to refer this case to mediation filed at Dkt. # 44, and **STRIKES** the remaining motions filed at Dkts. # 51, 52, and 53.

## II.    PROCEDURAL HISTORY

This case arises from Defendant Meridian School District's alleged failure to accommodate Ms. LaFreniere's request for a religious exemption to the school district's Covid-19 vaccination requirement, resulting in her termination as the director of transportation. Dkt. # 6. On May 13, 2025, the Court held a telephone conference with the parties to resolve several pending motions including, in relevant part, denial of Plaintiff's multiple demands for production of opposing counsel's legal credentials. Dkt. # 34. Trial in this case is currently set for July 6, 2026. Dkt. # 38.

### III.   DISCUSSION

#### A.   Motion for Removal of Counsel

Ms. LaFreniere seeks removal of Defendants' counsel from this case, among other related relief, because they did not respond to her demands for production of their legal credentials. Dkt. # 43. The Court previously denied several similar requests for production of opposing counsel's credentials and sees no reason to deviate from that ruling. *See* Dkt. # 34. Defendants' counsel are licensed in Washington and admitted to practice in this district. There is no reason to compel the production of their legal credentials or to impose any sanctions for their failure to produce such documentation.

In their response, Defendants ask the Court to impose "terms" on Ms. LaFreniere to "deter Plaintiff from filing motions against Defendants that violate CR 11." Dkt. # 48 at 3–4. The Court declines to issue any sanctions against Ms. LaFreniere at this stage, particularly in light of her *pro se* status. However, it directs Ms. LaFreniere to refrain from filing any further motions relating to counsel's legal credentials. Any further motions on this subject will be stricken or denied.

#### B.   Motion for Order Referring Case to Mediation

Next, Ms. LaFreniere asks the Court to refer this case to mediation pursuant to LCR 39.1. Dkt. # 33. In response, Defendants state they "do not object to mediation in this case" but "requests that it not occur until January 2026." Dkt. # 48. In light of the parties' agreement, the Court orders that the parties engage in mediation by March 1, 2026. The Court directs the parties to LCR 39.1(c) for information regarding this district's mediation procedures, including requests for appointment of a pro bono mediator under LCR 39.1(c)(4).

**C.     Remaining Motions**

Ms. LaFreniere filed additional motions at Dkts. # 51, 52, and 53 that also seek (1) removal of counsel and related relief due to their failure to produce legal credentials and (2) an order referring this case to mediation. The Court STRIKES these motions as duplicative.

### IV.     CONCLUSION

For the foregoing reasons, the Court:

(1)     **DENIES** Plaintiff's Motion for Removal of Counsel, Dkt. # 43;

(2)     **GRANTS** Plaintiff's Motion for Order Referring Case to Mediation, Dkt. # 44; and

(3)     **STRIKES** the motions filed at Dkts. # 51, 52, and 53.

Dated this 20th day of November, 2025.

The Honorable Richard A. Jones
United States District Judge

ORDER - 4