HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHERINE ANNE LAFRENIERE, | CASE NO. 2:24-cv-01691-RAJ |
| Plaintiff, | ORDER |
| v. | |
| MERIDIAN SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

## I.     INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Katherine Anne LaFreniere's Motion for Reconsideration, Dkt. # 85.  The Court has reviewed the motion and the balance of the record.[1]  For the reasons set forth below, the Court **DENIES** the motion.

## II.     BACKGROUND

The facts of this case are recounted in detail in the Court's May 13, 2026 order granting Defendants Meridian School District (the "District"), James Everett, and Kurt Harvill's motion for summary judgment (the "Order").  *See* Dkt. # 76.  Briefly, during the

---

[1] The Court finds it has sufficient information to decide Ms. LaFreniere's Motion for Reconsideration and therefore issues this order without requesting a responsive brief from Defendants.  *See* LCR 7(h)(3).

ORDER – 1

COVID-19 pandemic, the District, in compliance with then-Governor Inslee's Proclamation 21-14.1 (the "Proclamation"), implemented a vaccination requirement for covered workers as well as a process for claiming medical and religious exemptions from the requirement. *Id.* Ms. LaFreniere was the Director of Transportation at the District. *Id.* She sought a religious exemption from the District, but refused to disclose the nature of her religious beliefs and how they prevented her from complying with the vaccination requirement. *Id.* The District ultimately terminated Ms. LaFreniere for failing to comply with the vaccination requirement without an exemption. *Id.* Ms. LaFreniere, proceeding *pro se*, brought this lawsuit against Defendants for alleged constitutional violations and other claims.

On June 4, 2025, the Court issued its Order Setting Trial Date and Related Dates (the "Scheduling Order"). Dkt. # 38. Under the Scheduling Order, the deadline to file discovery-related motions was February 9, 2026 and the deadline to complete discovery was March 16, 2026. *Id.* On February 20, 2026, Defendants filed their motion for summary judgment. Dkt. # 61. On March 2, 2026, Ms. LaFreniere filed her opposition to the motion for summary judgment. Dkt. # 65. On the same day (just 14 days away from the close of discovery), Defendants received Plaintiff's First Requests for Admission ("RFAs"). Dkt. # 78-1. In a letter dated March 16, 2026, Defendants informed Ms. LaFreniere that her RFAs were untimely under the local rules and therefore Defendants would not be providing a response. Dkt. # 78-2. On March 19, 2026, Defendants filed their reply in support of their motion for summary judgment. Dkt. # 69. On April 13, 2026, after the close of discovery, Ms. LaFreniere filed a "Motion to Deem Requests for Admission Admitted" and a ""Motion to Modify the Scheduling Order and Reopen Discovery." Dkts. # 72, 73. On April 20, 2026, she filed a "Motion for Relief From Scheduling Order Deadlines, Extension of Time to Designate Expert Witness and Complete Discovery, and Related Relief." Dkt. # 76.

ORDER – 2

On May 13, 2026, the Court issued its Order granting Defendants' motion for summary judgment and dismissing all claims. Dkt. # 82. In the Order, the Court also denied Ms. LaFreniere's motion to deem the RFAs admitted because it was filed "more than two months after" the Scheduling Order's deadline to file discovery-related motions. *Id.* at 18. In addition, the Court denied the motions to modify the Scheduling Order due to lack of good cause. *Id.* at 18–19. The Court noted that Ms. LaFreniere provided "no reason she could not have conducted appropriate discovery within the time permitted" and that "permitting additional discovery at this late stage . . . would unduly prejudice Defendants." *Id.*

### III.   LEGAL STANDARD

Under Local Rule 7(h), motions for reconsideration are disfavored. Courts will ordinarily deny such motions in the absence of "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1). Manifest error is very nearly synonymous with "clear error" under Ninth Circuit precedent. *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining that "[r]econsideration is appropriate" if "the district court committed clear error or the initial decision was manifestly unjust").

### IV.   DISCUSSION

#### A.   "Manifest Error No. 1" – Denial of Motion to Deem RFAs Admitted

Ms. LaFreniere argues it was manifest error to grant summary judgment while "simultaneously declining to give effect to Rule 36(a)(3) admissions that would have created genuine disputes of material fact." Dkt. # 85 at 4. The Court disagrees.

"District courts have broad discretion in managing their dockets and enforcing their scheduling orders." *Saroyan Lumber Co., Inc. v. El & El Wood Prods. Corp.*, 126 Fed. App'x 371, 372 (9th Cir. 2005) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). It was within the Court's discretion to deny Ms. LaFreniere's

ORDER – 3

motion to deem her RFAs admitted because it was brought more than two months after the Scheduling Order's deadline to file discovery-related motions.  Ms. LaFreniere fails to show this decision was manifest error.

Even beyond the untimeliness of Ms. LaFreniere's motion to deem the RFAs admitted, her underlying RFAs were also untimely and Defendants had no obligation to respond.  Defendants received the RFAs on March 2, 2026, just 14 days before the close of discovery on March 16, 2026.  Dkt. # 78-1.  Under Federal Rule of Civil Procedure 36(a)(3), a responding party has 30 days to respond to requests for admissions.  Under Local Civil Rule 26(d), "[i]nterrogatories, requests for admissions or production, etc., must be served sufficiently early that all responses are due before the discovery deadline."  Ms. LaFreniere's RFAs were untimely because she did not serve them with sufficient time prior to the discovery deadline.  Thus, even if the Court considered her motion to deem the RFAs admitted, it would have still denied the motion on the merits.  This forms an additional reason that denial of the motion was not manifest error.

### B.   "Manifest Error No. 2" – Denial of Motions to Modify Scheduling Order

Next, Ms. LaFreniere argues it was manifest error to deny her motions to modify the Scheduling Order.  Again, the Court disagrees.

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In addition, when a motion is made to extend deadlines after the deadlines have expired, the party seeking the extension must show excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  The decision to modify a scheduling order is within the trial court's discretion.  *Johnson*, 975 F.2d at 607.  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Id.* at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  If the moving party "was not diligent, the inquiry should

ORDER – 4

end." *Id.* The party seeking to modify the scheduling order bears the burden of showing good cause. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002) (affirming denial of motion to modify scheduling order because plaintiff "did not demonstrate diligence in complying with dates set by the district court, and has not demonstrated 'good cause' for modifying the scheduling order.").

As noted in the Order, the Scheduling Order in this case has been in place since June 4, 2025, more than ten months before Ms. LaFreniere filed her motions to modify the Scheduling Order. Dkt. # 82 at 18. Ms. LaFreniere failed to provide any good cause for failing to complete discovery within the allotted time; her only stated reason was her *pro se* status. *See* Dkt. # 73, 76. Although the Court is sympathetic to the difficulty of navigating the federal court system without the assistance of counsel, "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Without a showing of good cause or excusable neglect, the Court was within its discretion to deny the motions to modify the Scheduling Order.

### C. "Manifest Error No. 3" – Finding No Genuine Dispute of Material Facts

Next, Ms. LaFreniere argues the Court erred by finding there were no genuine disputes of material fact. On a motion for summary judgment, "[i]f the moving party satisfies his initial burden, the opposing party may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). "In addition, the dispute must be genuine." *Id.* Here, Defendants submitted substantial evidence in support of their motion for summary judgment and satisfied their initial burden of showing there were no genuine disputes of material fact. *See* Dkt. # 82. Ms. LaFreniere did not produce any admissible evidence in response. By failing to do so,

ORDER – 5

Ms. LaFreniere failed to meet her burden of showing a genuine dispute of material fact. This finding was not manifest error.

Ms. LaFreniere argues that because the Court denied her motions to deem the RFAs admitted and to modify the Scheduling Order, she was denied the opportunity to present evidence in her favor. For the reasons discussed above, the Court's denial of these motions was not manifest error. Ms. LaFreniere could and should have pursued discovery within the timeline set by the Court. Instead, she waited until after Defendants filed their motion for summary judgment, and just two weeks before the close of discovery, to serve her first set of RFAs. She also waited until after the close of discovery to file motions seeking to modify the Scheduling Order and reopen discovery. Any inability to obtain necessary evidence was the result of Ms. LaFreniere's own lack of diligence. The Court was under no obligation to deem her RFAs admitted or to reopen discovery.

> **D.    "Manifest Error No. 4" – Viewing Facts in Light Most Favorable to Non-Moving Party**

Ms. LaFreniere also argues that the Court failed to correctly apply the summary judgment standard and view the facts in the light most favorable to the non-moving party. She does not, however, point to any specific portion of the Order that failed to draw reasonable inferences in her favor. Her arguments in the motion for reconsideration mostly rehash the issues addressed above regarding her RFA motion and motions to modify the scheduling order. These arguments are rejected for the same reasons.

> **E.    "Manifest Error No. 5" – Construing *Pro Se* Filings Liberally**

Finally, Ms. LaFreniere argues the Court failed to construe her filings liberally. Again, Ms. LaFreniere largely rehashes arguments regarding her RFA motion and motions to modify the scheduling order. As noted above, while courts must construe *pro se* filings liberally (as the Court did in this case), *pro se* litigants must still comply with scheduling orders and procedural rules. The Court was within its discretion to deny Ms. LaFreniere's motions for the reasons stated above.

ORDER – 6

## V.   CONCLUSION

For the forgoing reasons, the Court **DENIES** the Motion for Reconsideration, Dkt. # 85.

Dated this 9th day of June, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 7